HONORABLE LONNY R. SUKO

THE SCOTT LAW GROUP, P.S.
Darrell W. Scott darrellscott@mac.com
926 West Sprague Avenue, Suite 680
Spokane, WA 99201
Ph: (509) 455-3966

DURKOP LAW OFFICE
Timothy W. Durkop tim@durkoplaw.com
2312 N. Cherry Street, Suite 100
Spokane Valley, WA 99206
Ph: (509) 928-3848

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD M. CARLSEN and SHASTA L. CARLSEN, husband and wife, individually and on behalf of a Class of similarly situated Washington families; and CARL POPHAM and MARY POPHAM, husband and wife, individually and on behalf of a Class of similarly situated Washington families;<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL CLIENT SOLUTIONS, LLC, an Oklahoma limited liability company; ROCKY MOUNTAIN BANK & TRUST, a Colorado financial institution; et al.,<br><br>Defendants. | NO. CV-09-246-LRS<br><br>CLASS ACTION<br><br>PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION<br><br>Hearing Date: February 4, 2010 |

## I. INTRODUCTION

This action seeks class-wide protection of Washington consumers from

predatory, and indeed criminal, business practices, through enforcement of

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000001

Washington's Consumer Protection Act, Chapter 19.86 RCW, and Washington's Debt Adjusting Act, Chapter 18.28 RCW.

Defendants seek sanctuary in an unconscionable arbitration provision that immunizes Defendants from Washington's strong public policy of protecting its citizenry from unfair and deceptive business practices, that saddles Plaintiffs with unbearable financial burdens of litigation claims in a foreign jurisdiction, and that unconscionably places their fate in the hands of an arbitrator of Defendants' sole choosing.

This Court should deny Defendants' Motions because, as provided for in 9 U.S.C. § 4, the making of the agreement for arbitration, as well as the terms of any agreement to arbitrate, are at issue. This Court should also deny the Motions because, as provided for in 9 U.S.C. § 2, the Defendants' arbitration provision violates Washington's strong public policy, is substantively unconscionable, and is otherwise unenforceable. Finally, a determination as to whether this matter may proceed as a class action is a necessary prerequisite to any order directing arbitration.

## II. ARGUMENTS

### A. THE MAKING OF AN AGREEMENT TO ARBITRATE IS AT ISSUE.

The Federal Arbitration Act, 9 U.S.C. § 4, provides that a court may make an order directing parties to proceed to arbitration only "upon being satisfied that the

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 2

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000002

making of the agreement for arbitration . . . is not in issue . . ."

Defendants attach to their memoranda two unauthenticated documents represented as being the "agreements" with named Plaintiffs. The documents have the appearance of being a single integrated document. The Special Purpose Account Applications, in this regard, state in unreadable minute print (less than single spaced and 6 point font) that the features, terms, and conditions of the account are described in an Account Agreement and Disclosure Statement that accompanies the Application.

In fact, the Account Agreement and Disclosure Statement was not supplied to either Plaintiff at the time of contracting. The contents of that Account Agreement and Disclosure Statement, including its arbitration provision, were unknown to Plaintiffs. *See* Declarations of Mary Popham ("Popham Dec.") and Shasta Carlsen ("Carlsen Dec.") filed in support hereof.

The exclusion of the Account Agreement and Disclosure Statement from the contracting documents was not oversight, but a matter of practice known to Rocky Mountain Bank & Trust ("RMBT") and Global Client Solutions ("GCS"). The document was excluded in the case of each Plaintiff and with respect to two different debt adjuster partners of GCS and RMBT. GCS's and RMBT's attachment of the Account Agreement and Disclosure Statement to its subsequent "Welcome" letter is

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 3

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000003

explicable only if GCS and RMBT were aware that the document was excluded from the contracting documents sent to Plaintiffs.

An enforceable contract requires mutual assent, which generally takes the form of offer and acceptance. *Yakima County (West Valley) Fire Protection Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388, 858 P.2d 245 (1993). Whether there was mutual assent normally is a question of fact. *Sea-Van Invs. Assocs. v. Hamilton*, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994). The making of a contract to arbitrate, contained in The Account Agreement and Disclosure Statement, therefore, is at issue because it was intentionally excluded from the terms submitted to Plaintiffs.

Further, GCS and RMBT inexplicably fail to disclose to the Court that GCS has rescinded the Account Agreement and Disclosure Statement that they seek to enforce. Contrary to assurances made in the Account Agreement and Disclosure Statement that "You are the only one that has the right to authorize the transaction relating to your Account," GCS inexplicably notified Plaintiff Pophams by letter dated July 31, 2009, that GCS had transferred Popham's RMBT account balance to a bank in Oklahoma (apparently closing the Popham's RMBT account). GCS further declared, "Included with this letter is an Account Agreement and Disclosure which shall govern your account going forward." GCS's newly minted Account Agreement and Disclosure declares that the Pophams must now arbitrate their claims in Tulsa, Oklahoma and,

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION: 4

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000004

further, that the laws of Oklahoma now govern. To safeguard against any challenge to GCS's new declarations, the new Account Agreement and Disclosure provides that a party seeking <u>to enforce the obligations</u> imposed by the agreement is entitled to attorney fees and costs should they prevail. *See* Popham Declaration.

The Court has every reason to find that the making of an agreement to arbitrate is at issue, and further, that the terms of any agreement to arbitrate are at issue. An order compelling arbitration, therefore, is not appropriate.

**B.    THE ARBITRATION PROVISION IS UNENFORCEABLE.**

The Federal Arbitration Act, 9 U.S.C. § 2, provides that arbitration clauses are enforceable "save upon such grounds as exist at law or in equity for the revocation of a contract." Thus, generally applicable contract defenses, such as unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 of the FAA. *Doctor's Associates, Inc. v. Casarotta*, 517 U.S. 681, 687 (1996).

GCS and RMBT's arbitration provision is unenforceable because it violates Washington's strong public policy of protecting its citizenry from unfair, deceptive, and indeed criminal business practice, through enforcement of Washington's Debt Adjusting and Consumer Protection Acts. The arbitration provision is, further, unenforceable because it imposes insurmountable financial burdens on consumers having claims of small monetary value. The arbitration provision is further

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 5

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-1966

000005

unenforceable because of its fundamental unfairness, resulting from Defendants' sole power to hand-select the arbitrator.

### 1. The Arbitration Clause Violates Washington's Strong Public Policy of Protecting its Citizenry from Predatory Debt Adjuster Practices.

An arbitration clause is, in effect, a specialized kind of forum selection clause. *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 838 (2007) (referencing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518 (1974)). Although forum selection clauses are *prima facie* valid, a forum selection clause may be invalid if it violates the public policy of this state. *Dix*, 160 Wn.2d at 842. In this regard, a forum selection clause that seriously impairs a plaintiff's ability to bring suit to enforce the CPA, violates the public policy of this state. *Id.* at 837.

Individual consumer actions to enforce RCW 19.86.020 and vindicate the public interest are a significant aspect of the dual enforcement scheme under the CPA, which provides for private actions in addition to enforcement actions brought by the attorney general. *Dix*, 160 Wn.2d at 836-837. The private right of action to enforce RCW 19.86.020 is more than a means for vindicating the rights of the individual plaintiff. In order to prevail in a private action under the CPA, the plaintiff must show that the challenged acts or practices affect the public interest. *Hangman Ridge Training Stables, Inc. v Safeco Title Ins. Co.*, 105 Wn.2d 778, 788, 719 P.2d 531 (1986); *Dix*, 160 Wn.2d at 837.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 6

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000006

A "choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Dix*, 160 Wn.2d at 836. Defendants' arbitration provision does not merely seek resolution of claims through arbitration, it ousts Washington law through provision that "the laws of the State of Colorado shall apply." This provision of the arbitration clause, as if to ensure the point, is in addition to a "Governing Law" clause found elsewhere in the Account Agreement and Disclosure Statement that similarly attempts to supplant laws other than that of Colorado, without regard for whether Colorado law itself would direct that the proper choice of law is that of another state.[1]

Defendants' arbitration provision is unenforceable because it contravenes Washington's strong public policy of safeguarding Washington consumers though private action to enforce Washington's Consumer Protection Act.

---

[1] GCS's July 31, 2009, Account Agreement and Disclosure Statement incorporates a Tulsa, Oklahoma, forum into the sentence declaring that disputes "shall be resolved by binding arbitration." This latter Account Agreement and Disclosure Statement contains a separate "Governing Law" provision, this time declaring that the agreement is governed by "The laws of the State of Oklahoma." *See* Popham Dec. Ex. "C."

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 7

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000007

## 2. The Arbitration Provision is Unenforceable Due to Unfairness in the Selection of the Arbitrator.

The FAA does not authorize arbitration before a tribunal that might reasonably be thought biased against one litigant and favorable to another. *Hooters of America, Inc. v. Phillips*, 39 F.Supp.2d 582, 618 (S.C. 1998) (citing *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S., 145,148 (1968)). A bona fide arbitration agreement, thus, requires a decision maker chosen by the parties. *Cheng-Canindin v. Renaissance Hotel Assoc.*, 50 Cal. App. 4th 676, 681 (1996). An arbitration clause that excludes one of the parties from any voice in the selection of the arbitrator is unenforceable. *Ditto v. Re/Max Preferred Properties, Inc.*, 861 P.2d 1000, 1003-4 (Okla. App. 1993). Defendants' arbitration provision unconscionably grants Defendants sole authority to designate the arbitrator. The selection must be a "qualified independent" arbitrator, but there is no requirement of impartiality nor "mechanism for ensuring neutrality." *See* Popham Dec. Exhibits "B" and "C" and Carlsen Dec. Exhibit "B." Defendants' arbitration clause, therefore, is unenforceable due to its fundamental unfairness.

## 3. The Arbitration Provision is Unduly Oppressive because it Imposes Insurmountable Financial Burdens on Consumers Having Small Monetary Claims.

Under Defendants' arbitration provision, known financially destitute Washington consumers must pursue claims in Colorado Springs, Colorado (or Tulsa,

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 8

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000008

Oklahoma, or potentially both). Plaintiffs' individual claims are, by all measure, monetarily small. The financial costs of arbitrating their claims in Colorado Springs, Colorado, or Tulsa, Oklahoma, would doubtlessly exceed the value of their claims. An order directing that Plaintiffs must individually arbitrate their claims, thus, would foreclose all redress. *See* Carlsen Dec. and Popham Dec. Defendants' arbitration clause is, thus, unduly oppressive because it imposes insurmountable financial burdens on individual consumers. This obstacle, it is conceded, is not present should Plaintiffs be permitted to proceed on a Class basis. Class certification, in this respect, is a necessary prerequisite to avoidance of unduly oppressive arbitration. The appropriateness of considering class certification before motion to compel arbitration is acknowledged in Defendants' Joint Report under Fed. R. Civ. P. 26(f) recently filed in a related and overlapping class action presently pending in the District Court of Northern California. *See* Joint Report Pursuant to Fed. R. Civ. P. 26(f), filed October 22, 2009, in *Estrella v. Freedom Financial Network, LLC; et al.*, United States District Court Northern District of California, Case No. CV-09-03156-SI, attached hereto as Appendix "A." To facilitate similar early treatment of the question of class certification, named Plaintiffs anticipate shortly filing and noting their Motion for Class Certification in this action.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 9

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000009

## III. CONCLUSION

Defendants' motions for an order directing the parties to arbitrate should be denied. The making of an agreement to arbitrate is at issue, as are the terms of arbitration. The putative arbitration provision, moreover, is unenforceable owing to the insurmountable financial burdens the provision imposes on consumers having small monetary claims. The provision is unenforceable because of its contravention of Washington's strong public policy of protecting its citizenry from unfair and deceptive business practice through private enforcement of Washington's Debt Adjuster statute and Consumer Protection Act. Finally, the provision is unenforceable because it contains provisions that create the appearance and the reality of fundamental unfairness.

DATED this 30th day of October, 2009.

THE SCOTT LAW GROUP, P.S.

By: _____
Darrell W. Scott, WSBA #20241
darrellscott@mac.com

-and-

DURKOP LAW OFFICE
Timothy W. Durkop, WSBA #22985
tim@durkoplaw.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000010

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| Sally Gustafson Garratt | garratt@benedictlaw.com<br>kimmell@benedictlaw.com |
| Haas A. Hatic | haas.hatic@gmlaw.com<br>melody.ratty@gmlaw.com |
| Rebecca F. Bratter | rebecca.bratter@gmlaw.com<br>samantha.grant@gmlaw.com |
| Richard W. Epstein | richard.epstein@gmlaw.com<br>maria.salgado@gmlaw.com |

EXECUTED this 30th day of October 2009, at Spokane, Washington.

SAMANTHA SIMATOS
of The Scott Law Group, P.S.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS
TO COMPEL ARBITRATION: 11

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

000011