1  THE SCOTT LAW GROUP, P.S.
   Darrell W. Scott darrellscott@mac.com
2  Matthew J. Zuchetto matthewzuchetto@mac.com
3  926 West Sprague Avenue, Suite 680
   Spokane, WA 99201
4  Ph: (509) 455-3966

5  DURKOP LAW OFFICE
6  Timothy W. Durkop tim@durkoplaw.com
   2312 N. Cherry Street, Suite 100
7  Spokane Valley, WA 99216
8  Ph: (509) 928-3848

9          UNITED STATES DISTRICT COURT
10        EASTERN DISTRICT OF WASHINGTON

11 CHAD M. CARLSEN and SHASTA L.        )
12 CARLSEN, husband and wife, individually )
   and on behalf of a Class of similarly situated )  NO. CV-09-246-LRS
13 Washington families; and CARL POPHAM  )
14 and MARY POPHAM, husband and wife,    )  CLASS ACTION
   individually and on behalf of a Class of  )
15 similarly situated Washington families;  )  AMENDED CLASS ACTION
16                                        )  COMPLAINT AND JURY
               Plaintiffs,               )  DEMAND
17      v.                               )
18 GLOBAL CLIENT SOLUTIONS, LLC, an     )
   Oklahoma limited liability company;   )
19 GLOBAL HOLDINGS LLC, an Oklahoma     )
20 limited liability company; ROCKY      )
   MOUNTAIN BANK & TRUST, a Colorado    )
21 financial institution; ROBERT MERRICK, a )
22 resident of Oklahoma; MICHAEL HENDRIX, )
   a resident of Oklahoma; and JOHN AND  )
23 JANE DOES A-F,                        )
24             Defendants.               )
25 _____)
26

   AMENDED CLASS ACTION COMPLAINT
   AND JURY DEMAND: 1

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1

## I.  INTRODUCTION

2

3

1.      Defendants are engaged in an ongoing class-wide predatory business

4

scheme to financially enrich themselves and defraud already indebted Washington

5

Class members by violating Washington's Debt Adjusting statute, chapter 18.28

6

RCW; by aiding and abetting the violation of chapter 18.28 RCW; by committing

7

8

unfair and deceptive business practices in violation of Washington's Consumer

9

Protection Act, chapter 19.86 RCW, by aiding and abetting such commission; and

10

by engaging in other tortious conduct toward Washington Class members.

11

12

2.      This action is brought on behalf of a Class of Washington families

13

who have fallen victim to Defendants' business wrongdoing, to enjoin Defendants

14

from such wrongful business conduct and to secure recovery for damages and

15

other losses suffered by Class members.

16

17

18

## II.  PARTIES

19

3.      **Plaintiffs Chad M. Carlsen and Shasta L. Carlsen:** Plaintiffs Chad

20

M. Carlsen and Shasta L. Carlsen ("Carlsens") are husband and wife, domiciled in

21

22

the state of Washington and residents of Spokane County.  The Carlsens are

23

members of the proposed Class and victims of wrongdoing alleged in this

24

Complaint.

25

26

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 2

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4.    **Plaintiffs Carl Popham and Mary Popham:**  Plaintiffs Carl Popham and Mary Popham ("Pophams") are husband and wife, domiciled in the state of Washington and residents of Spokane County.  The Pophams are victims of wrongdoing alleged in this Complaint.

5.    **Defendant Global Client Solutions, LLC:**  Defendant Global Client Solutions, LLC ("GCS") is a closely-held domestic limited liability company formed in 2003, organized under the laws of Oklahoma.  GCS has its principal offices in Tulsa, Oklahoma.  GCS does business throughout the United States, including the state of Washington.

6.    **Defendant Global Holdings LLC:**  Defendant Global Holdings LLC ("Global") is a closely-held domestic limited liability company formed in June 2007 and organized under the laws of Oklahoma.  Global is the parent company of GCS.  Global's offices are identical to those of GCS, located in Tulsa, Oklahoma.  Global, through its subsidiary and agent GCS, does business throughout the United States, including the state of Washington.

7.    **Defendant Rocky Mountain Bank & Trust:**  Defendant Rocky Mountain Bank & Trust ("RMBT") is a financial institution organized under the laws of Colorado.  RMBT has its principal place of business in Florence, Colorado.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 3

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

RMBT, in partnership with GCS, is engaged in business activities directed at residents of Washington, including those alleged in this Complaint.

8.    **Defendant Robert Merrick:**  Defendant Robert Merrick is a resident of Broken Arrow, Oklahoma.  Robert Merrick is the founder and Chairman of Global, co-founder and Chairman of GCS, and founder and Manager of GCS's predecessor-in-interest, CFG Acceptance LLC ("CFG").  Robert Merrick is a principal owner, legally or beneficially, of Global, GCS, and CFG.

9.    **Defendant Michael Hendrix:**  Defendant Michael Hendrix is a resident of Tulsa, Oklahoma.  Michael Hendrix is the CEO of Global and CEO of GCS.  Michael Hendrix is a principal owner, legally or beneficially, of Global and GCS.

10.    **Defendants John and Jane Does A-F:**  John and Jane Does A-F are managing agents of Global, GCS, and/or RMBT who exercised close control, direction, and management of Global, GCS, or RMBT in respect of misconduct alleged in this Complaint; who participated in, or with knowledge, approved of conduct alleged in this Complaint; or who otherwise engaged in conduct in violation of chapters 19.86 and 18.28 RCW.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  4

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

## III. JURISDICTION AND VENUE

11.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).  Based on information and belief, the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and is a class action composed of more than 100 members and in which at least one member of the Class is a citizen of a state different from that of a Defendant.

12.     This Court has personal jurisdiction over each of the Defendants.

13.     Venue is proper pursuant to 28 USC § 1391(b)(2) in that the events that gave rise to claims occurred in substantial part in this federal district.

## IV. FACTS

14.     GCS is a for-profit company whose principal business is receiving and holding funds of consumer debtors for the purpose of distributing said funds among consumer debtors' creditors in partial payment of obligations of those consumer debtors.

15.     GCS acts in concert with for-profit debt settlement companies by carrying out activities integral to debt settlement programs marketed to indebted consumers.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  5

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

16.    Since 2007, Global has been the parent company of and principal

owner of GCS.  Since 2007, Global, through Robert Merrick, Michael Hendrix,

and potentially others, has exercised actual ultimate management responsibilities

over GCS's business activities.

17.    Global and GCS share a common board of directors, common

officers, common offices, and common ownership, such that they constitute the

same single business enterprise.

18.    Defendant Robert Merrick is the co-founder of GCS; the co-founder

of Global; the Chairman of the Board of Directors of GCS; and Chairman of the

Board of Directors of Global.  In these capacities Robert Merrick instigated,

participated in, and with knowledge, approved of the wrongful conduct alleged in

this Complaint and otherwise directly or indirectly engaged in conduct violating

chapters 19.86 and 18.28 RCW.

19.    Michael Hendrix, as CEO of GCS and CEO of Global, is responsible

for the strategic leadership of GCS's U.S. sales, marketing, and operations.

Michael Hendrix directs GCS's account management activities as they relate to

consumer debtors and debt settlement companies.  In these capacities, Michael

Hendrix instigated, participated in, and with knowledge, approved of the wrongful

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  6

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

conduct alleged in this Complaint and otherwise directly or indirectly engaged in conduct violating chapters 19.86 and 18.28 RCW.

20.    Robert Merrick, Michael Hendrix, and John Does A-F exercised close control, direction, and management of GCS and Global such that they are charged with knowledge of the wrongdoing of GCS and Global alleged in this Complaint.

21.    In 2004, Robert Merrick on behalf of GCS, negotiated an agreement with RMBT, whereby GCS and RMBT engaged in a joint business enterprise involving a common purpose and a common community of interests.

22.    The central activity of this business enterprise was to aid and assist debt settlement companies with whom GCS partnered in the promotion and carrying out of debt settlement programs directed at indebted consumers.

23.    Pursuant to this business enterprise, GCS, as banking customer of RMBT, opened a custodial deposit bank account at RMBT.

24.    GCS's custodial bank account was established to hold anticipated aggregated funds paid by consumer debtors who participated in debt settlement programs.

25.    RMBT financially benefited from this business enterprise in that RMBT would hold interest-free substantial aggregated funds deposited by GCS.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  7

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

In this regard, by 2009, GCS's single custodial account at RMBT represented more than 50% of all deposits held at RMBT.

26.    Pursuant to their business enterprise, GCS undertook a duty to market and promote to the debt management industry use of what GCS called "virtual stored-value bank accounts" or later denominated "special purpose accounts" (hereinafter collectively "special purpose accounts"). Michael Hendrix served as the chief agent of GCS responsible for marketing and promoting special purpose accounts to the debt management industry.

27.    GCS's special purpose accounts are a device employed by debt settlement companies as a "seamless" component feature of a debt settlement program. Special purpose accounts benefit debt settlement companies in two principal ways. Special purpose accounts secure periodic automatic payments from clients for purposes of paying illegally excessive upfront debt settlement fees. Further, special purpose accounts serve as an artifice for evading state regulations governing debt settlement fees through pretense that the debt settlement company did not receive the client's debt settlement payments. In the unlikely event that heavily indebted consumers financially survive the debt settlement companies' excessive upfront fees, the special purpose accounts accumulate funds from which

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 8

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

debt settlement companies attempt negotiations with consumers' creditors, in exchange for additional fees.

28.    Structurally, special purpose accounts are sub-accounts managed by GCS within its custodial account at RMBT, which reflect the beneficial interest of the individual consumer debtors participating in a debt settlement program.

29.    GCS financially benefits from the creation of such sub-accounts in that it charges debt settlement clients additional fees and charges, beyond those already charged by the debt settlement company.

30.    Pursuant to its agreement with RMBT, GCS, through the leadership of Michael Hendrix, promoted and marketed to the debt management industry the use of special purposes accounts as a central feature of debt settlement programs to be offered to indebted consumers.

31.    As a consequence of these efforts, by 2009, GCS was managing 600,000 special purpose accounts in service of 500 debt settlement companies that marketed debt settlement programs to indebted consumers.

32.    Pursuant to resulting contracts between GCS and numerous debt settlement companies, debt settlement companies solicited Washington consumers' participation in debt settlement programs featuring GCS's special purpose accounts.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 9

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

33.    Solicitation materials provided to Washington consumers by the subject debt settlement companies universally included a standardized debt settlement contract and standardized "special purpose account application," as prepared by and supplied by GCS.

34.    Participation in the debt settlement programs universally entailed the following material elements:

a.    The Washington consumer agreed to make monthly debt settlement payments, in amounts specified by the debt settlement company, into a GCS special purpose account.  The special purpose account was purportedly to serve the purpose of accumulating funds to ultimately pay specified creditors when the debt settlement company successfully negotiated a settlement with that creditor.

b.    The Washington consumer agreed to pay specified up-front fees and other fees to the debt settlement company, which fees, unknown to the debtor, were illegal owing to their size and accelerated timing of payment.

c.    The Washington consumer executed and returned to the debt settlement company a "special purpose account application" having the false appearance of being an application to open a bank account at RMBT.  The

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1    application, further, falsely portrayed GCS as a customer service agent of

2    RMBT.

4        d.    The "special purpose account application," in fact, retained

5    GCS, as agent, custodian, and fiduciary of the Washington consumer, to

6    establish, manage, and maintain a sub-account and perform activities with

7    respect to that account.

8

9        e.    The Washington consumer agreed to pay "fees and charges"

10   associated with their special purpose account, which fees had the false

11

12   appearance of being banking fees of RMBT.

13       f.    The "fees and charges" identified in the special purpose account

14   application, in fact, were fees and charges of GCS, as specified in the

15

16   contract between GCS and the subject debt settlement company.

17       g.    The Washington consumer authorized the automatic monthly

18   electronic transfers of debt settlement payments, to be initiated by GCS,

19

20   from the consumer's personal bank account and to be credited to a special

21   purpose account managed by GCS.  The purpose of such periodic transfers

22

23   was to secure funds to pay the fees specified in the debt settlement contract,

24   the fees specified in the special purpose account application, and to

25   purportedly accumulate funds from which to pay settlements with creditors.

26

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 11

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

h.    The Washington consumer authorized the automatic payment of all fees from his special purpose account.

i.    The predatory nature of the fees was such that the Washington consumer's periodic monthly payments were consumed by fees for the first several months of the consumer's participation in the debt settlement program, and substantially consumed by such fees throughout the remainder of their participation in the program.

35.    Faced with glaring and pervasive predatory fee practices in the for-profit debt management industry, many states, including Washington, adopted statutes prohibiting predatory fees and other abusive debt adjuster practices.

36.    The managing, counseling, settling, adjusting, prorating or liquidating of the indebtedness of a debtor, or receiving of funds for the purposes of distributing said funds among creditors in payment of partial payment of the obligations of a debtor, are activities denominated as "debt adjusting" under chapter 18.28 RCW.

37.    At all times material to allegations made in this Complaint, each Defendant was mindful of the debt adjuster industry's history of predatory fee practices and of state laws, including those of Washington, prohibiting abusive debt adjuster practices.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  12

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

38.    Named Plaintiffs are Washington residents who received solicitations from debt settlement companies with whom GCS contracted, involving participation in a debt settlement program having the features detailed above, who participated in such a program, and for whom GCS established, maintained, and managed a special purpose account.

39.    RCW 18.28.080(1) provides that a debt adjuster may make an initial charge of up to twenty-five dollars ($25).  The initial charge of debt settlement companies with whom GCS contracted substantially and invariably exceeded $25.

40.    In the case of the Carlsens, as point of illustration, the initial upfront fee was $2,053.20.

41.    In the case of the Pophams, the initial upfront fee was $6,944.48.

42.    Defendants knew that the initial fees of debt settlement companies with whom GCS contracted substantially exceeded the amount permitted by RCW 18.28.080(1).

43.    GCS and RMBT knowingly transferred named Plaintiffs' and Class members' funds out of the state of Washington for purposes of paying the subject illegal fees and subsequently paid the illegal fees, all for the purpose of carrying out the illegal debt adjuster activities described in this Complaint.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  13

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

44.    RCW 18.28.080(1) provides that the fee retained by a debt adjuster from any one payment made by a debtor may not exceed fifteen percent (15%) of the payment. Fees of debt settlement companies with whom GCS contracted substantially and invariably exceeded 15% of any one payment required under the debt settlement program. Program fees, in fact, consumed the entirety of the initial monthly payments made by Class members.

45.    Defendants knew that the subject fees violated Washington law by exceeding 15% of the monthly payment made by Class members.

46.    GCS and RMBT knowingly transferred Class members' funds, including those of named Plaintiffs, out of the state of Washington for purposes of paying the subject illegal fees and subsequently paid the fees all for the purpose of carrying out the illegal debt adjuster activities described in this Complaint.

47.    RCW 18.28.110 provides that every debt adjuster shall perform the functions specified under RCW 18.28.110. GCS as a debt adjuster in its own capacity and as agent providing services to debt settlement companies, owed to Class members those duties imposed by RCW 18.28.110.

48.    RCW 18.28.110(1) provides that all payments not distributed to creditors shall be kept and maintained in this state, as shall be all records pertinent to such payments.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 14

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

49.    The subject debt settlement programs involved keeping and maintaining Class members' payments outside of the state of Washington. GCS and RMBT knowingly transferred named Plaintiffs' and Class members' funds out of the state of Washington in violation of Washington law, all for the purpose of carrying out the illegal debt adjuster activities described in this Complaint.

50.    RCW 18.28.110(4) provides that the debt adjusters must distribute to creditors at least once each forty days after receipt of payment at least eighty-five percent (85%) of each payment received from the debtor.

51.    The subject debt settlement programs, by their intrinsic nature, required that consumer payments not be distributed in accordance with RCW 18.28.110(4).

52.    GCS knowingly maintained and managed named Plaintiffs' and Class members' special purpose accounts in violation of RCW 18.28.110(4), and RMBT held the aggregated proceeds of such accounts, all for the purpose of carrying out the illegal debt adjuster activities detailed in this Complaint.

53.    RCW 18.28.090 provides: "If a debt adjuster contracts for, receives or makes any charge in excess of the maximums permitted by this chapter, except as the result of an accidental and bona fide error, the debt adjuster's contract with the debtor shall be void and the debt adjuster shall return to the debtor the amount of

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  15

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

all payments received from the debtor or on the debtor's behalf and not distributed to creditors."

54.    Defendants knew that named Plaintiffs' and Class members' contracts with debt settlement companies were *void ab initio*.

55.    GCS and RMBT transferred named Plaintiffs' and Class members' funds out of the state of Washington, pursuant to known void contracts, and GCS, thereafter, paid unowed fees using Plaintiffs' and Class members' proceeds, all for the purpose of carrying out the illegal debt adjuster enterprise detailed in this Complaint.

56.    RCW 18.28.190 provides: "Any person who violates any provision of this chapter or aids or abets such violation, or any rule lawfully adopted under this chapter or any order made under this chapter, is guilty of a misdemeanor."

57.    Defendants violated provisions of chapter 18.28 RCW and knowingly aided and abetted one another and debt settlement companies with whom GCS contracted, all for the purpose of carrying out the illegal debt adjuster activities detailed in this Complaint, thereby enriching themselves at the expense of heavily indebted Washington consumers.

58.    In April of 2009, as a result of a Federal Deposit Insurance Corporation (FDIC) investigation of RMBT's activities relating to GCS and debt

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  16

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

settlement companies, the FDIC issued an Order to Cease and Desist as against RMBT.

59.     Each Defendant was aware of the Order to Cease and Desist and its contents.

60.     The Order to Cease and Desist, among other things, directed that:

a.     RMBT ensure RMBT's compliance with state consumer protection laws and regulations as they relate to debt settlement companies;

b.     Ensure ongoing review of debt settlement companies and payment processors such as GCS and ACH originators such as GCS;

c.     Ensure that payment processors, such as GCS, and ACH originators, such as GCS, rectify harmful consumer activities, or RMBT shall cease operations with such payment processors, ACH originators, or debt settlement companies, such as those with whom GCS contracted pursuant to RMBT and GCS's joint venture;

d.     Ensure that disclosures provided to consumers accurately reflect the obligations by and among RMBT, payment processors, such as GCS, ACH processors, such as GCS, and consumers;

e.     Ensure that marketing materials of payment processors, such as GCS, ACH originators, such as GCS, and debt settlement companies, such

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  17

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1    as those with whom GCS had contracted, comply with consumer protection

2    laws and regulations; and

3

4        f.      Ensure that payment processors, such as GCS, ACH

5    originators, such as GCS, and debt settlement companies, such as those with

6    whom GCS has contracted, take all necessary corrective actions in a timely

7

8    manner.

9        61.    As a consequence of the FDIC Cease and Desist Order, on or about

10   August 6, 2009, without prior notice to Class members, GCS opened a new

11

12   custodial account at Bank of Oklahoma and transferred substantially all of its

13   custodial holdings at RMBT to its new custodial account at Bank of Oklahoma.

14       62.    To conceal the circumstances of its transfer, GCS issued materially

15

16   false letters to Class members that deceptively represented that "This change is

17   part of Global's ongoing process of expanding our banking partnerships,

18   improving our services and efficiencies, and continuing to protect the interests of

19

20   our customers."

21       63.    Defendants failed to advise Plaintiffs or Class members of the Order

22   to Cease and Desist, failed to advise Plaintiffs or Class members that its marketing

23

24   materials did not comply with consumer protection laws and regulations, failed to

25   advise Plaintiffs or Class members that its disclosures did not accurately reflect the

26

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  18

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

relationships between RMBT, GCS, and debt settlement companies, failed to advise Plaintiffs or Class members that Washington consumers has been subjected to harmful consumer activities by debt settlement companies with whom GCS had contracted, and failed to advise Plaintiffs or Class members that corrective actions had been ordered by the FDIC and that GCS transfers were made as a result of those ordered corrective actions.

64.    Beginning on or before August 6, 2009, GCS began making electronic transfers of monthly payments from Class members' Washington bank accounts into a custodial account of GCS held at Bank of Oklahoma.

65.    The subject custodial account of GCS now held at Bank of Oklahoma is being employed by Defendants in the same wrongful manner and for the same wrongful purposes detailed in this Complaint.

## V.  CLAIMS

**A.    Aiding and Abetting the Commission of Criminal, Unfair, and Deceptive Business Conduct.**

66.    Any violation of chapter 18.28 RCW constitutes an unfair or deceptive business practice under chapter 19.86 RCW.

67.    The business practices of debt settlement companies with whom GCS contracted, as detailed above, violated chapter 18.28 RCW and otherwise

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 19

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

constitute unfair and deceptive business practices, which practices impacted the public interest and caused injury to named Plaintiffs and Class members in their business and property.

68.    Defendants knowingly aided and abetted debt settlement companies with whom GCS contracted in the commission of criminal, unfair, and deceptive practices, including practices violating chapters 18.28 and 19.86 RCW, by giving substantial assistance that proximately caused harm to named Plaintiffs and to Class members in their business and property.

69.    Defendants knowingly and substantially assisted debt settlement companies by, among other things:

a.    Offering to serve and serving as a custodian of Plaintiffs' and Class members' debt settlement payments secured through illegal contracts;

b.    Offering to serve and serving as custodian of Plaintiffs' and Class members' payments for purposes of paying illegal fees;

c.    Establishing, maintaining, and managing special purpose accounts as a artifice to evade state regulations governing the debt management industry, including chapter 18.28 RCW;

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  20

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

d.    Acting as agents of debt settlement companies, assuming debt settlement companies' duties under RCW 18.28.110, and performing those functions not in accordance with RCW 18.28.110;

e.    Keeping and maintaining Plaintiffs' and Class members' special purpose accounts in a fashion other than as required under RCW 18.28.110(4);

f.    Offering to assume authority, assuming authority, and exercising authority to transfer Plaintiffs' and Class members' funds for purposes of paying illegal, unfair, and unowed fees;

g.    Paying illegal, unfair, and unowed fees from Plaintiffs' special purpose accounts;

h.    Offering to assume authority, assuming authority, and exercising authority to transfer named Plaintiffs' and Class members' debt settlement funds out of the state of Washington;

i.    Misrepresenting and concealing the actual relationship between RMBT, GCS, and Class members;

j.    Concealing from named Plaintiffs and Class members the actual relationship between GCS and the debt settlement companies with whom Plaintiffs and Class members had contracted; and

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  21

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
SUITE 680
926 W. SPRAGUE AVENUE
SPOKANE, WA  99201
(509) 455-3966

k.    Withholding from Plaintiffs and Class members information material to their special purpose accounts and their participation in debt settlement programs.

70.    Defendants and the debt settlement companies with whom GCS contracted were each generally aware of their roles in the overall wrongful activities of one another at the time that assistance was rendered.

71.    Defendants are each liable for the entire loss suffered by named Plaintiffs and Class members, including those caused by debt settlement companies with whom GCS contracted.

**B.    Commission of Unfair and Deceptive Business Acts.**

72.    Violations of chapter 18.28 RCW constitute unfair or deceptive business practices under chapter 19.86 RCW.

73.    GCS and RMBT received funds of named Plaintiffs and Class members for purposes of distributing said funds among creditors in partial payment of obligations.

74.    GCS, in its own capacity, holds itself out as engaged in the business of managing, counseling, settling, adjusting, and/or liquidating the indebtedness of debtors.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  22

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

75. As to conduct alleged in this Complaint, GCS is a third-party for-profit company not doing business under or as permitted by laws of this state or of the United States, relating to banks.

76. With respect to conduct alleged in this Complaint, RMBT was not doing business as permitted by the laws of this state or of the United States relating to banks.

77. GCS and RMBT are debt adjusters and otherwise engaged in debt adjusting within the meaning of chapter 18.28 RCW and with respect to conduct alleged in this Complaint.

78. GCS's and RMBT's conduct, as alleged in this Complaint, constitutes unfair and deceptive acts or practices committed in trade or commerce impacting the public interest, which conduct proximately caused injury or harm to named Plaintiffs and Class members in their business or property.

79. Defendants Robert Merrick and Michael Hendrix, as officers and directors of GCS and Global, directly participated in and directed the wrongful business conduct of GCS alleged in this Complaint and with knowledge approved of GCS's wrongful business conduct.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 23

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

80.   Defendant Global managed the actual business affairs of its subsidiary GCS and directed the wrongful conduct of GCS alleged in this Complaint such that Global is culpable for GCS's misconduct.

## C.   **Tortious Conduct.**

81.   GCS was and is a custodial agent of Plaintiffs and Class members. Defendants Merrick and Hendrix were and are subagents of GCS with respect to GCS's custodial duties owed to Plaintiffs and Class members.

82.   GCS owed fiduciary duties to Plaintiffs and Class members to act loyally for the benefit of Plaintiffs and Class members in all matters respecting its custodial role, including the establishment, maintenance, and management of Plaintiffs' and Class members' special purpose accounts and duty to safeguard Plaintiffs' and Class members' interests.

83.   GCS had a duty to use reasonable efforts to provide Plaintiffs and Class members with facts that GCS knew, had reason to know, or should have known were material to Plaintiffs' and Class members' legal interests.

84.   GCS's and its subagents' fiduciary relationship to Plaintiff and Class members did not privilege conduct that was tortuous or criminal.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 24

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

85.    GCS and its subagents Robert Merrick and Michael Hendrix,
negligently and intentionally breached duties owed to Plaintiffs and Class members
by, among other things:

        a.      Failing to disclose to Plaintiffs and Class members that their
debt settlement contracts were void;

        b.      Failing to disclose to Plaintiffs and Class members that fees
being paid were illegal and unowed;

        c.      Initiating transfers of Plaintiffs' and Class members' money out
of the state of Washington for purposes of paying unowed, unfair, and illegal
fees;

        d.      Establishing, maintaining, and managing special purpose
accounts as an artifice for evading consumer protections, including
limitations on debt settlement fees;

        e.      Paying unowed, unfair, and illegal fees using Plaintiffs and
Class members' funds; and

        f.      Elevating their own pecuniary interests above those of Plaintiffs
and Class members.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 25

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

86.    GCS and its subagents Robert Merrick and Michael Hendrix materially benefitted from their breach of fiduciary duties to Plaintiffs and Class members.

87.    As a proximate result of breach of duties by GCS and its subagents Robert Merrick and Michael Hendrix, Plaintiffs and Class members suffered loss, damages, and/or injury.

**D.    Injunctive Relief.**

88.    Class members and Washington consumers generally remain unaware of Defendants' wrongful conduct or that the debt settlement programs in which they are engaged are illegal.

89.    GCS and RMBT are engaged in business activities, continuing in nature, instrumental to the carrying out of the ongoing criminal enterprises directed at Class members and Washington consumers generally.

90.    GCS, as custodian of Plaintiffs' and Class members' funds, owes continuing duties, including fiduciary duties to act loyally for the benefit of Plaintiffs and Class members and to provide Plaintiffs with facts material to Plaintiffs' and Class members' special purpose accounts.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 26

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

91.    GCS and RMBT are in possession of and hold in constructive trust, funds belonging to Plaintiffs and Class members obtained pursuant to void and criminally illegal debt settlement contracts.

92.    GCS and RMBT are engaged in transferring Class members' funds outside the state of Washington and into custodial accounts held outside of Washington, for purposes of securing payment of criminally illegal and unowed fees.  Class members are unaware that such transfers are illegal, that the subject fees are illegal, and that the fees are unowed.

93.    GCS and RMBT, on a continuing basis, are engaged in paying illegal and unowed fees from Class members' special purpose accounts.  Class members remain unaware that the fees being paid are illegal and unowed.

94.    Class members and the general public will suffer continuing, immediate, and irreparable injury, absent the issuance of appropriate injunctive and equitable relief by this Court.

95.    Class members have no complete, speedy, and adequate remedy at law with respect to Defendants' continuing conduct.

96.    Preliminary and final injunctive relief is necessary to prevent further injury to Class members and to the general Washington public, including:

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  27

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1    a.    An order enjoining Defendants from paying debt adjuster fees

2    using Class members' funds in Defendants' custody;

3

4    b.    An order enjoining GCS and RMBT from transferring funds

5    from Class members' Washington bank accounts;

6

7    c.    An order directing Defendants to hold in trust until further

8    direction of this Court all proceeds directly or indirectly obtained from

9    Plaintiffs or Class members;

10

11    d.    An order directing that Defendants provide a complete

12    accounting of:  i) the identities of each Class member; ii) the amount of

13    remaining funds associated with each Class member's special purpose

14    account; and iii) the identities of each debt settlement company or other

15    entity to whom distributions have been made from the special purpose

16

17    account and the amounts of such distributions;

18    e.    A final order directing the disbursal of funds held in trust

19    pursuant to order of this Court; and

20

21    f.    An order enjoining each Defendant from engaging in further

22    business activities violating chapter 18.28 RCW or chapter 19.86 RCW.

23

24

25

26

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  28

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1

## VI.  CLASS CERTIFICATION

2

3

97.    Named Plaintiffs bring this action on behalf of themselves and a

4

Washington Class composed of the following individuals:  All Washington

5

residents for whom GCS has established, maintained, or managed a special

6

purpose account.

7

8

98.    Members of the Class are so numerous that their joinder is

9

impracticable.  GCS boasts of serving over 500 debt settlement companies

10

nationally and of managing over 600,000 special purpose accounts.

11

12

99.    There are questions of law and fact common to the Class, including

13

those identified in paragraph 103 below.

14

15

100.    The claims and defenses of the named Plaintiffs are typical of the

16

claims and defenses of the Class.

17

101.    Named Plaintiffs are members of the proposed Class and will fairly

18

and adequately protect the interests of the Class.

19

20

102.    Defendants have acted or refused to act on grounds generally

21

applicable to the Class as a whole rendering certification appropriate under Fed. R.

22

Civ. P. 23(b)(2).

23

24

103.    Further, core common questions of law and fact central to claims of

25

the Class predominate over individual questions, rendering certification

26

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  29

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

appropriate under Fed. R. Civ P. 23(b)(3).  Core common questions of law and fact include:

      a.      Whether Defendants are debt adjusters or engaged in debt adjusting within the meaning of chapter 18.28 RCW, or are otherwise subject to that statute;

      b.      Whether debt settlement companies with whom GCS and Class members have contracted are engaged in debt adjusting within the meaning of chapter 18.28 RCW, or are otherwise subject to that statute;

      c.      Whether Defendants knowingly and substantially assisted debt settlement companies with whom GCS and Class members have contracted in violating chapter 18.28 RCW and/or chapter 19.86 RCW;

      d.      Whether, at the time of assistance, Defendants were generally aware of their role in the overall wrongful activities;

      e.      Whether Class members' contracts with debt settlement companies are *void ab initio* and whether GCS and RMBT should thus be enjoined from making payments pursuant to those void contracts;

      f.      Whether standardized fees charged to Class members are criminally illegal or otherwise constitute an unfair or deceptive business

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 30

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1    practice and, further, whether GCS and RMBT should be enjoined from

2    paying such fees using Class members' funds;

3

4    g.    Whether GCS's standardized practices with respect to the

5    maintenance and management of Class members' special purpose accounts

6    violate chapter 18.26 RCW, or otherwise constitute unfair or deceptive

7

8    business practices;

9    h.    Whether GCS's special purpose account fees constitute fees for

10   debt adjusting services within the meaning of RCW 18.28.080(1);

11

12   i.    Whether GCS and RMBT have acted in concert pursuant to a

13   common design; and

14

15   j.    Whether Class members are uniformly entitled to

16   reimbursement of the amount of all payments made not distributed to

17   creditors.

18   104.   The class device is a superior method of adjudicating Class members'

19

20   claims as compared to other available methods for fairly and efficiently

21   adjudicating this controversy.

22

23   105.   Class members are financially distressed individuals who are unlikely

24   to have any meaningful recourse against Defendants absent collective pursuit of

25   their claims under Fed. R. Civ. P. 23.

26

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 31

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

106.    Class members remain unaware that the conduct of GCS, RMBT, and debt settlement companies with whom GCS has contracted are illegal.  Class members are thus incapable of pursing their claims or protecting their interests on an individual basis.

107.    The value of Class members' claims, taken individually, is such that their claims have negative value and cannot, as a practical matter, be litigated on an individual basis.

## VII.  <u>DEMAND FOR RELIEF</u>

Plaintiffs therefore request, on behalf of themselves and the proposed Class, the following relief:

1.    An order certifying Class members' claims pursuant to Fed. R. Civ. P. 23(b)(3) and/or 23(b)(2), or certifying such issues as may be deemed appropriately treated on a class basis;

2.    An order appointing named Plaintiffs as representatives of the Class and appointing undersigned counsel as Class counsel;

3.    An order and decree issuing the preliminary and final injunctive relief identified in paragraph 96 of this Complaint;

4.    An award of damages, jointly and severally, as against each Defendant, in an amount to be proven at the time of trial;

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 32

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W  SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

5.    An award of exemplary damages against each Defendant in the amount of three times the damages or loss suffered by each Class member;

6.    An award of prejudgment interest on liquidated damages;

7.    An award of attorney fees, including those provided for in chapter 19.86 RCW;

8.    An award of litigation costs; and

9.    Such other declaratory or injunctive relief as the Court may deem fair and equitable.

## VIII.   JURY DEMAND

Plaintiffs demand a trial by jury in this matter.

DATED this _____ day of July, 2010.

THE SCOTT LAW GROUP, P.S.

By: _____
      Darrell W. Scott, WSBA #20241
      darrellscott@mac.com
      Matthew J. Zuchetto, WSBA #33404
      matthewzuchetto@mac.com

-and-

DURKOP LAW OFFICE
      Timothy W. Durkop, WSBA #22985
      tim@durkoplaw.com

*Attorneys for Plaintiffs*

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND:  33

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

## CERTIFICATE OF SERVICE

I hereby certify that on the |4ᵗʰ day of July, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Sally Gustafson Garratt          garratt@benedictlaw.com
                                 janicef@fjtlaw.com

Gregory E. Jackson               gregj@fjtlaw.com
                                 janicef@fjtlaw.com

Haas A. Hatic                    haas.hatic@gmlaw.com
                                 melody.ratty@gmlaw.com

Rebecca F. Bratter               rebecca.bratter@gmlaw.com
                                 samantha.grant@gmlaw.com

Richard W. Epstein               richard.epstein@gmlaw.com
                                 maria.salgado@gmlaw.com

EXECUTED this |4ᵗʰ day of July, 2010, at Spokane, Washington.

SAMANTHA SIMATOS
of The Scott Law Group, P.S.

AMENDED CLASS ACTION COMPLAINT
AND JURY DEMAND: 34

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966