UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD M. CARLSEN and SHASTA CARLSEN, husband and wife, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL CLIENT SOLUTIONS, LLC, an Oklahoma limited liability company; ROCKY MOUNTAIN BANK & TRUST, a Colorado financial institution,<br><br>Defendants. | NO. **CV-09-246-LRS**<br><br>**CERTIFICATION TO WASHINGTON STATE SUPREME COURT** |

**PURSUANT TO** the Federal Court Local Law Certificate Procedure Act, RCW 2.60.010-.030, and Washington Rule of Appellate Procedure ("RAP") 16.16, Lonny R. Suko, Chief United States District Judge for the Eastern District of Washington, hereby certifies:

**PARTIES**

Plaintiffs Chad M. and Shasta Carlsen, and Carl and Mary Popham, are represented by Darrell W. Scott, Esq., and Matthew J. Zuchetto, Esq., 926 West Sprague Avenue, Suite 680, Spokane, WA 99201, and Timothy W. Durkop, Esq., 2312 N. Cherry Street, Suite 100, Spokane Valley, WA 99216.

Defendants Global Client Solutions, LLC, and Rocky Mountain Bank & Trust are represented by Sally Gustafson Garratt, 711 Capitol Way South, Suite 605, Olympia, WA 98501 Esq., and Richard W. Epstein, Esq., Haas A. Hatic,

Esq., and Rebecca F. Bratter, Esq., Trade Centre South, Suite 700, 100 W. Cypress Creek Road, Ft. Lauderdale, FL 33309.

**QUESTIONS OF WASHINGTON LAW**

This is a putative class action in which Plaintiffs allege Defendants have violated Washington's Debt Adjusting statute, RCW Chapter 18.28 RCW, and/or aided and abetted a violation of the same, and that these violations are in contravention of Washington's Consumer Protection Act (CPA), RCW Chapter 19.86. Global Client Solutions, LLC (GCS) is in the business of receiving funds for the purpose of distributing those funds among creditors in payment or partial payment of obligations of debtors, including the Plaintiffs. GCS, in partnership with Rocky Mountain Bank and Trust (RMBT), maintains and manages debt settlement accounts that are part of debt settlement programs offered by companies such as Freedom Debt Relief, LLC, and Silver Bay Financial, Inc.. As part of their debt settlement programs, Plaintiff established debt settlement accounts maintained and managed by GCS, in partnership with RMBT. Freedom Debt Relief, LLC, is a named defendant in a related case, *Carlsen v. Greedom Debt Relief, LLC, et al.*, CV-09-55-LRS. Separate questions are being certified to the Washington State Supreme Court in CV-09-55-LRS

Plaintiffs' Amended Complaint in the captioned matter, CV-09-246-LRS, alleges Defendants knew that Plaintiffs were being charged fees by their debt settlement companies in excess of the fees allowed by RCW 18.28.080, that Defendants knowingly transferred Plaintiffs' funds out of the State of Washington for the purpose of paying such fees, and subsequently paid such fees from the Plaintiffs' debt settlement accounts.

The claims involve interpretation of provisions of the Debt Adjusting statute, RCW Chapter 18.28, for which legislative history and relevant case law

are essentially non-existent. Accordingly, the issues presented appear to be of first impression and it is respectfully requested that the Washington Supreme Court consider and answer the following questions:

**QUESTION NO. 1**: Is a for-profit business engaged in "debt adjusting" as defined in RCW 18.28.010(1) when, in collaboration with debt settlement companies, it: a) establishes and maintains a custodial bank account in its name; b) solicits debtors' establishment of a sub-account to receive and hold periodic payments to be used to pay debt settlement fees and pay settlements with creditors as negotiated by a debt settlement company; and c) as custodian for the debtor, receives and holds the debtor's periodic payments in a sub-account, paying from that account debt settlement fees and negotiated settlements with creditors?

**QUESTION NO. 2**: Does the exclusion found at RCW 18.28.010(2)(b) apply to a for-profit business described in Question No. 1?

**QUESTION NO. 3:** Do the fee limitations set forth in RCW 18.28.080 apply to for-profit debt settlement companies engaged in soliciting the participation of debtors in a debt management program involving: a) monthly set aside and accumulation of a debtor's funds in a custodial account for the purposes of facilitating negotiated settlement of specified credit card debts; and b) negotiations by the debt settlement company, on behalf of the debtor, to secure compromise settlement of the debtor's credit card debt, to be paid from the custodial account?

**QUESTION NO. 4:** Does the Debt Adjusting statute provide for an implied civil action against an alleged "aider or abettor" where aiding or abetting a

violation of the Debt Adjusting statute is expressly made a crime pursuant to RCW 18.28.190?

If the Washington Supreme Court decides to consider these certified questions, it may in its discretion reformulate the questions. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

**RECORD**

Attached hereto are certified copies of Ct. Rec. 1 (Complaint), Ct. Rec. 11, 18, 21, 28 and 31 (Defendants' Motions To Dismiss and memoranda in support thereof), Ct. Rec. 33 (Plaintiffs' response to Motions To Dismiss)Answer to Second Amended Complaint), Ct. Rec. 38 (Defendants' reply memorandum re Motions To Dismiss), Ct. Rec. 40 (Order Denying Motions To Compel Arbitration and staying Motions To Dismiss), Ct. Rec. 57, 58 and 59 (Declarations of Darrell W. Scott with attached exhibits), Ct. Rec. 70 (Declaration of Richard W. Epstein with attached exhibits), and Ct. Rec. 83 (Amended Complaint).

This constitutes the "record" pursuant to RCW 2.60.010(4). This "record" contains all matters in the pending cause material for consideration of the certified questions.

**BRIEFS**

If the Washington State Supreme Court accepts certification, the Plaintiffs shall file the first brief in the Washington Supreme Court. RAP 16.16(e)(1).

**IT IS SO ORDERED.** The District Court Executive shall enter this certification, forward a certified copy thereof and a certified copy of the designated record to the Washington Supreme Court, and forward copies of this certification to counsel.

**DATED** this 23rd of July, 2010.

***s/Lonny R. Suko***

LONNY R. SUKO
Chief United States District Judge