UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHAD M. CARLSEN and SHASTA CARLSEN, husband and wife, et al.,

    Plaintiffs,

    v.

GLOBAL CLIENT SOLUTIONS, LLC, an Oklahoma limited liability company; ROCKY MOUNTAIN BANK & TRUST, a Colorado financial institution, et. al.,

    Defendants.

NO. **CV-09-246-LRS**

**ORDER GRANTING MOTION FOR APPROVAL OF ATTORNEY FEES AND COSTS**

**BEFORE THE COURT** is the Plaintiffs' Motion For Approval Of Attorney Fees And Costs (ECF No. 206). The motion was heard with oral argument on June 5, 2012.

**BACKGROUND**

Pursuant to Paragraph 2.D.2 of the parties' Class Settlement Agreement (ECF No. 176-1), "the amount of reasonable attorney fees to be paid by Defendants shall be determined in accordance with Washington's Consumer Protection Act, chapter 19.86, and other applicable Washington law." Paragraph 2.D.3 provided that the parties "shall cooperate in selecting a mutually agreeable third-party neutral . . . to determine the amount of reasonable attorney fees."

The parties mutually agreed to have the Hon. Charles Burdell (Ret.) serve as the "third-party neutral" and an order was entered appointing him as special master pursuant to Fed. R. Civ. P. 54(d)(2)(D). (ECF No. 187). On May 15,

**ORDER GRANTING MOTION FOR APPROVAL OF FEES AND COSTS-    1**

Judge Burdell issued his "Special Master Fee Award" (ECF No. 201), and on May 22, he entered an order consistent with his fee award (ECF No. 205). Plaintiffs were awarded a lodestar amount of $1,056,967.90 for time incurred prior to February 1, 2012 (prior to the Class Settlement Agreement). A multiplier of 1.65 was applied to this figure, thereby increasing it to $1,743,997.04. $87,018.00 was awarded for the period after February 1, 2012, resulting in a total fee award of $1,831,015.04. Defendants have filed objections to Judge Burdell's award.

**DISCUSSION**

This court will not engage in de novo review of Judge Burdell's factual findings. Based on the plain language of the Class Settlement Agreement, the parties stipulated those findings would be "final." See Fed. R. Civ. P. 53(f)(3)(B). Accordingly, the court will not review Judge Burdell's determination regarding the lodestar amount, including his determination of the reasonable hourly rates used in arriving at that amount.

The court is obliged, however, to engage in a de novo review of all objections to conclusions of law made by the master. Fed. R. Civ. P. 53(f)(4). Judge Burdell's application of a multiplier to the lodestar amount arguably involve conclusions of law or mixed questions of law and fact subject to this court's de novo review.

Once the lodestar has been calculated, the court considers the necessity of adjusting it to reflect factors not considered up to that point. Adjustments are considered under two broad categories: the contingent nature of success, and the quality of the work performed. In adjusting the lodestar to account for the risk factor, the court must assess the likelihood of success at the outset of the litigation. The risk factor applies only where there is no fee agreement that assures the attorney of fees regardless of the outcome of the case. To the extent, if any, that

**ORDER GRANTING MOTION FOR
APPROVAL OF FEES AND COSTS-      2**

the hourly rate underlying the lodestar fee comprehends an allowance for the contingent nature of the availability of fees, no further adjustment duplicating that allowance should be made. Furthermore, the risk factor should be applied only to time expended before recovery is assured. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 598-99, 675 P.2d 193 (1983). The quality of work factor "is an extremely limited basis for adjustment, because in virtually every case the quality of work will be reflected in the reasonable hourly rate." *Id*. at 599. In exceptional cases, however, the lodestar might be adjusted, up or down, to reflect the quality of work. *Id*.

Judge Burdell found that both factors- risk and quality of work- warranted application of a multiplier:

> The case was not only contingent in nature, it was brought without established case law regarding liability and it included a risk that each plaintiff would be required to individually arbitrate their case against the defendants. The quality of the work performed could not have been greater. Plaintiffs' attorneys obtained a unanimous opinion for the Washington Supreme Court accepting completely the plaintiffs' theories.

Here, the lodestar figure did not adequately account for the high risk nature of the case. *Pham v. City of Seattle*, 159 Wn.2d 527,151 P.3d 976, 983 (2007). As in *Carlsen v. Freedom Debt Relief*, CV-09-55-LRS, the dearth of legislative history and case law regarding Washington's debt adjusting statute prompted this court to certify questions to the Washington Supreme Court for resolution. Unlike *Carlsen*, however, which involved application of the statute to debt settlement companies, the risk in the instant case was even greater because the entities involved are not debt settlement companies, but entities which collaborate with debt settlement companies in establishing and maintaining bank accounts for the collection of debt settlement payments to creditors and the collection of debt settlement fees to be paid to the debt settlement companies. The greater risk is

**ORDER GRANTING MOTION FOR APPROVAL OF FEES AND COSTS-    3**

evidenced by the fact that a class action settlement was reached in *Carlsen v. Freedom Debt Relief* before the Washington Supreme Court had an opportunity to answer this court's certified questions, whereas the Washington Supreme Court answered the certified questions in the instant case and did so unanimously in favor of the Plaintiffs.  A class settlement was then reached a number of months later.  For these same reasons, the instant case is an "exceptional case" warranting an upward adjustment of the lodestar to reflect the quality of the work.  The greater risk involved in the instant case, by itself, readily accounts for the 1.65 multiplier Judge Burdell awarded, as compared to the 1.5 multiplier which the undersigned awarded in *Carlsen v. Freedom Debt Relief*.

      Judge Burdell did not apply the multiplier for time worked after the class settlement was reached on February 1, 2012 "because thereafter the contingency risk was significantly, if not entirely, eliminated."  This is consistent with what the undersigned determined in *Carlsen v. Freedom Debt Relief* that because recovery was assured when the class settlement agreement was entered, the risk factor multiplier could not be applied to fees incurred after that date.  In the instant case, Defendants claim the contingency risk was eliminated on May 12, 2011, when the Washington Supreme Court answered the certified questions in favor of Plaintiffs.  Although the contingency risk may have been lessened after May 12, 2011, it was by no means eliminated and the Defendants continued to vigorously defend against the action prior to settlement.  Plaintiffs filed a Motion To Compel seeking to require Defendants to identify debt settlement companies with which they were affiliated.  The court granted the motion and awarded fees to the Plaintiffs to reimburse them for having to make the motion  Defendants filed Motions To Dismiss the Amended Class Action Complaint to which the Plaintiffs filed responses.  The motions were never heard, however, because of the eventual settlement of the case.  Plaintiffs filed a class certification motion.  It too was

**ORDER GRANTING MOTION FOR
APPROVAL OF FEES AND COSTS-        4**

never heard because of the settlement. A class recovery clearly was not assured merely because of the answers the Washington Supreme Court provided to the questions certified by this court. Judge Burdell did not err in applying the multiplier up to the date the class settlement was reached on February 1, 2012.

**CONCLUSION**

Plaintiffs' Motion For Approval Of Attorney Fees And Costs (ECF No. 206) is **GRANTED**.

Consistent with Judge Burdell's fee award, Defendants shall pay Class Counsel $1,831,015.04 in reasonable attorney fees.

Class Counsel may withdraw $32,467.12 from the Settlement Trust to reimburse its litigation costs.

Class counsel may withdraw $45,514.13 from the Settlement Trust to reimburse its class notice and claims administration costs incurred to date, and may file a supplemental motion seeking reimbursement of final costs and expenses after they have been incurred.

**IT IS SO ORDERED.** The District Court Executive shall enter Judgment in accord with this Order and the Order Approving Class Settlement (ECF No. 218) and shall forward copies of the Judgment and this order to counsel of record.

**DATED** this ___11th___ day of June, 2012.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
United States District Court Judge

ORDER GRANTING MOTION FOR
APPROVAL OF FEES AND COSTS-      5