UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD M. CARLSEN and SHASTA CARLSEN, husband and wife, et al., <br><br>　　　　Plaintiffs, <br><br>　　　v. <br><br>GLOBAL CLIENT SOLUTIONS, LLC, an Oklahoma limited liability company; ROCKY MOUNTAIN BANK & TRUST, a Colorado financial institution, et. al., <br><br>　　　　Defendants. | NO. **CV-09-246-LRS** <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

**BEFORE THE COURT** is the Plaintiffs' Motion For Preliminary Injunction Of State Court Action (ECF No. 243). The motion is heard without oral argument on an expedited basis after briefing by the parties.

In order to obtain a preliminary injunction, a plaintiff must establish irreparable harm is likely, not just possible. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S.Ct. 365, 375-76 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 376.

In *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d. 1127 (9th Cir. 2011), the Ninth Circuit Court of Appeals held the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the U.S. Supreme

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    1**

Court's decision in *Winter*. Under the sliding scale approach, the elements of the preliminary injunction test, as articulated by the Supreme Court in *Winter*, are balanced so that a stronger showing of one element may offset a weaker showing of another. *Id*. at 1132. Thus, a stronger showing of irreparable harm might offset a lesser showing of likelihood of success on the merits. *Id*. In the Ninth Circuit, the "serious questions" version of the sliding scale test is as follows:

> A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.

*Id*. at 1134-35, quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). According to the Ninth Circuit, although this test remains viable after *Winter*, a plaintiff must still "satisfy the other *Winter* factors." *Id*. at 1135. "[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test" such that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*.

Having reviewed the parties' briefing and being fully advised in this matter, the court concludes issuance of a preliminary injunction is warranted.

On October 13, 2011, this court entered an "Order Granting Motion To Compel" (ECF No. 134) in favor of Plaintiffs, finding "[t]he identities of any debt settlement companies which have or had Washington residents as clients, and information pertaining to those companies, is relevant to showing whether GCS [Global Client Solutions] special purpose accounts are in service of debt adjusting, and whether GCS's management of those accounts violated Washington's Debt Adjusting Act, RCW Chapter 18.28." The court required GCS to provide this information to Plaintiffs.

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    2**

On October 25, 2011, the parties filed a "Stipulation For Confidentiality" (ECF No. 150) regarding designation of information produced in discovery as "confidential." Although the parties requested the court to enter an order approving their stipulation, it declined to do so for the reasons stated in its October 27, 2011 "Order Re 'Stipulation For Confidentiality.'" (ECF No. 156). Nevertheless, the court acknowledged the right of the parties to enter into an agreement regarding confidentiality. One of the provisions of their agreement is as follows:

> The Court shall retain jurisdiction, even after termination of this lawsuit: (a) to make such amendments, modifications and additions to this Stipulation as it may from time to time be deemed appropriate upon good cause shown; and (b) to adjudicate any dispute respecting improper use or disclosure of confidential information.

A "Class Action Settlement Agreement And Release" was eventually reached by the parties and approved by this court. (ECF No. 218). Judgment was entered pursuant to the agreement. (ECF No. 219). One of the provisions of the agreement addresses the "Continuing Jurisdiction" of this court:

> The United States District Court for the Eastern District of Washington shall have continuing jurisdiction over this Class Action for the purpose of implementing the Settlement and all related matters, including this Settlement Agreement, Final Approval of the Settlement, Final Judgment **and post-judgment issues**.

(ECF No. 239-2 at 000051)(emphasis added).

Based on the aforementioned provisions, this court finds there are "serious questions" as to whether this court is not the proper judicial entity to resolve the parties' dispute regarding an improper use or disclosure of alleged confidential information. Pursuant to the All Writs Act, 28 U.S.C. §1651, this court has the authority "to enjoin state proceedings that interfere, derogate, or conflict with federal judgments, order or settlements." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). Furthermore, the Anti-Injunction Act, 28 U.S.C. §2283, does not bar issuance of an injunction by this court "where necessary in aid

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    3**

of its jurisdiction, or to protect or effectuate its judgments." The balance of hardships tips sharply in favor of Plaintiffs and there is a likelihood of irreparable injury to them in that allowing a court in different jurisdiction to resolve the dispute at issue may deprive them of the benefit for which they bargained, that being vesting this court with continuing jurisdiction over "post-judgment issues," including adjudication of "any dispute respecting improper use or disclosure of confidential information."  There is no apparent prejudice to Defendant GCS which, even if this court ultimately decides it has exclusive jurisdiction to determine if there has been an improper use or disclosure of confidential information, will have a full and adequate opportunity to persuade this court that Plaintiffs' counsel have improperly used or disclosed confidential information. Finally, a preliminary injunction is in the public interest, that being that federal and state courts exercise jurisdiction over matters with which they have been properly vested with such jurisdiction.

Plaintiffs' Motion For Preliminary Injunction Of State Court Action (ECF No. 243) is **GRANTED**.  Pending further order of this court, all legal proceedings in the case of *Global Client Solutions v. The Scott Group, et al.*, in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2012-04229, are **ENJOINED** and **STAYED**.  Pending further order of this court, the Temporary Restraining Order and Order Setting Hearing entered in that case are **ENJOINED, STAYED**, and without legal effect.  Pending a showing that Defendants are likely to be damaged as a result of the entry of this Preliminary Injunction Order, no injunction bond from Plaintiffs shall be required. <u>Johnson v. Couturier</u>, 572 F.3d 1067, 1086 (9th Cir. 2009).

Plaintiffs' Motion To Enjoin State Court Action (ECF No. 236), which seeks a permanent injunction, is currently noted for hearing without oral argument on September 17, 2012.

**ORDER GRANTING MOTION
FOR PRELIMINARY INJUNCTION-    4**

**IT IS SO ORDERED.** The District Court Executive is directed to forward copies of this order to counsel of record. Counsel for GCS will advise the Tulsa County District Court of this preliminary injunction so that the August 28 preliminary injunction hearing in that court is vacated.

**DATED** this   23rd   day of August, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Court Judge

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION-    5**