UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHAD M. CARLSEN and SHASTA )
CARLSEN, husband and wife, et al., )
                                   )    NO. **CV-09-246-LRS**
         Plaintiffs,               )
                                   )    **ORDER GRANTING**
         v.                        )    **MOTION TO ENJOIN**
                                   )    **STATE COURT ACTION**
GLOBAL CLIENT SOLUTIONS,           )
LLC, an Oklahoma limited liability )
company; ROCKY MOUNTAIN            )
BANK & TRUST, a Colorado           )
financial institution, et. al.,    )
                                   )
         Defendants.               )
_____ )

**BEFORE THE COURT** is the Plaintiffs' Motion To Enjoin State Court
Action (ECF No. 236). The motion is heard without oral argument.

On August 23, 2012, this court entered an order (ECF No. 258) preliminarily
enjoining and staying all legal proceedings in the case of *Global Client Solutions v.
The Scott Group, et al.*, in the District Court of Tulsa County, State of Oklahoma,
Case No. CJ-2012-04229, and enjoining and staying the Temporary Restraining
Order (TRO) and Order Setting Hearing entered in the Oklahoma case. This court
now concludes it has been vested with the exclusive jurisdiction to determine if
Plaintiffs' counsel has improperly used or disclosed confidential information and
therefore, permanently enjoins the Oklahoma proceedings.

The TRO entered in the Oklahoma action prohibited the Scott Law Group,
P.S., Darrell Scott and Andrew Biviano (Class Counsel in the captioned matter)
from "using and/or disclosing GLOBAL's Confidential Customer Lists . . . for any
purpose other than as specifically set forth in the Settlement Agreement and

**ORDER GRANTING MOTION
TO ENJOIN STATE COURT ACTION- 1**

Stipulated Protective Order" and "from contacting any of the individuals and/or entities listed in Confidential Customer Lists other than as specifically set forth in the Settlement Agreement and Stipulated Protective Order." This TRO makes it readily apparent that determination of whether Class Counsel have improperly used and/or disclosed confidential information of Global Client Solutions, LLC (GCS), requires an interpretation of the "Settlement Agreement," that being the "Class Action Settlement Agreement and Release" approved by this court (ECF No. 218), and the "Stipulated Protective Order," that being the "Stipulation For Confidentiality" filed with this court (ECF No. 150).[1] The "Settlement Agreement" provides for this court's continuing jurisdiction over "post-judgment issues." The alleged improper use of confidential information by Class Counsel in

_____

[1] In its paperwork filed in the Oklahoma proceedings, GCS consistently refers to the "Stipulation For Confidentiality" as a "Stipulated Protective Order." While this court did not enter an order and specified the reasons for not doing so (ECF No. 156), it did approve the filing of the stipulation and acknowledged the parties could enter into an agreement. The fact this court did not enter an order on the stipulation does not diminish its authority to adjudicate disputes related thereto. This is seemingly recognized by GCS through its description of the stipulation as a "Stipulated Protective Order." The stipulation is part of the captioned proceedings and its filing on October 25, 2011, was apparently intended to facilitate compliance with this court's "Order Granting Motion To Compel," entered twelve days earlier on October 13, 2011.

**ORDER GRANTING MOTION
TO ENJOIN STATE COURT ACTION- 2**

their communications with class members is such a "post-judgment issue." This is reinforced by the fact that "Stipulation For Confidentiality" expressly specifies this court retains jurisdiction, "even after termination of this lawsuit . . . to adjudicate any dispute respecting improper use or disclosure of confidential information." The parties have vested this court, not the Oklahoma court, with jurisdiction to determine what is, and what is not, a permissible use and/or disclosure of confidential information under the terms of the "Settlement Agreement" and the "Stipulation For Confidentiality." This court will determine whether, in violation of Paragraph10 of the "Stipulation For Confidentiality," Class Counsel have used "documents or information from any documents acquired in discovery . . . for any business, competitive or other purpose unrelated to the conduct of this litigation." If that has occurred, this court will remedy it through appropriate directives and/or sanctions imposed pursuant to the Federal Rules of Civil Procedure and/or its inherent authority.

For the reasons set forth above and in the "Order Granting Motion For Preliminary Injunction" (ECF No. 258), enjoining the Oklahoma proceedings is warranted under the All Writs Act, 28 U.S.C. § 1651, and is not precluded by the Anti-Injunction Act, 28 U.S.C. § 2283. Plaintiffs' Motion To Enjoin State Court Action (ECF No. 236) is **GRANTED**. All legal proceedings in the case of *Global Client Solutions v. The Scott Group, et al.*, in the District Court of Tulsa County, State of Oklahoma, Case No. CJ-2012-04229, are **ENJOINED** and **STAYED**. The Temporary Restraining Order and Order Setting Hearing entered in that case are **ENJOINED, STAYED**, and without legal effect.

GCS states that "if this Court asserts jurisdiction here, [Class Counsels'] conduct and use of the confidential information should be restrained while the underlying merits of Global's claims against [Scott Law Group] are determined." In its submissions to this court, GCS has explained why it believes Class Counsel have improperly used confidential information. Class Counsel have responded and

**ORDER GRANTING MOTION**
**TO ENJOIN STATE COURT ACTION- 3**

this court is already well-informed about the parties' dispute.  Nevertheless, the court will not consider whether a temporary restraining order or preliminary injunction should be issued *sua sponte*, unless the parties stipulate that the issue has been fully briefed and is ready for resolution without oral argument.  GCS may, of course, file any motion it deems appropriate, although the court notes that class counsel indicate they are "in the process of preparing a motion to this Court seeking a ruling on the very issues raised in the Oklahoma action" (ECF No. 269 at p. 5) and that this motion will be filed very soon.

**IT IS SO ORDERED.**  The District Court Executive is directed to forward copies of this order to counsel of record.

**DATED** this __17th___ day of September, 2012.


_____
s/Lonny R. Suko
LONNY R. SUKO
United States District Court Judge

**ORDER GRANTING MOTION
TO ENJOIN STATE COURT ACTION- 4**